*CMR*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 07-CR-557 |
| ) | |
| ) | |
| NEAL D. SAFERSTEIN ) | |
| TYRONE L. BARR ) | |
| ) | |
| ) | |
| Defendants. ) | |

**FILED**
APR 1 4 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM OPINION AND ORDER

RUFE, J.                                                                                                                April 9, 2009

      In this indictment Defendants Neal D. Saferstein and Tyrone L. Barr have each been charged by the United States with eight counts of wire fraud under 18 U.S.C. §§ 1343, § 1349; eight counts of mail fraud under 18 U.S.C. § 1341. Additionally, Defendant Saferstein has been charged with one count of conspiracy to commit perjury under 18 U.S.C. § 371; four counts of filing a false tax return under 26 U.S.C. § 7206(1); and six counts of failure to pay over tax under 26 U.S.C. § 7202. Before the Court are Defendants' respective Motions to Waive the Right to a Jury Trial [Doc. Nos. 150 & 151] and the Government's Response [Doc. No. 155]. The Court held separate hearings regarding each Defendant's Motion on April 6, 2009. For the reasons that follow, each Defendants' Motions to Waive the Right to a Jury Trial will be denied.

I.      **FACTUAL AND PROCEDURAL HISTORY**

      Defendants are charged with orchestrating a "cramming" scheme via a business

1

known as GoInternet.net, Inc. ("GoInternet").[1] Defendant Neal Saferstein served as the President, Chief Executive Officer and majority owner of GoInternet and Defendant Tyrone L. Barr as the Vice President of Customer Service and Regulatory Affairs.[2] GoInternet sold internet related services to companies and individuals, including dial-up internet access, e-mail accounts and Web page design.[3] In 2003, GoInternet employed more than 1,000 telemarketers and brought in gross annual revenues of more than $49 million.[4] However, GoInternet stopped doing business in 2004.[5]

The Government alleges that GoInternet was designed entirely to defraud customers into paying for internet related services without their knowledge or authorization.[6] Local telephone companies may permit third parties such as GoInternet to include charges for separately ordered telecommunications services on consumers' local telephone bills.[7] Such billing is accomplished by the third parties working with telephone billing "aggregators" who act as intermediaries between the third party and local telephone companies or Local Exchange Carriers ("LECs"). Aggregators receive billing information from the third parties, who are the aggregators' clients, and submit the bill to the appropriate LEC for inclusion on a customer's local telephone bill.[8] When customers pay

---

[1] Indictment ¶ 1.

[2] Id. at ¶¶ 8-10.

[3] Id. at ¶ 1.

[4] Id. at ¶ 6.

[5] Id.

[6] Id. at ¶ 18.

[7] Id. at ¶ 11.

[8] Id. at ¶ 12.

their telephone bills the aggregators collect the payment for their clients' services from the LEC. Those payments are then passed back to the clients or third party providers who pay a fee for the aggregator's collection and billing services.[9] The placement of unauthorized charges on a consumer's local telephone bill is known as "cramming." The Government claims that GoInternet contracted with several billing aggregators to place its monthly charges on customer's local telephone bills.[10]

An indictment against both Defendants was issued in September, 2007. Since that time, a number of Motions and procedural issues related to the case have been decided in anticipation of a trial, scheduled to begin April 20, 2009, with jury selection scheduled for April 9, 2009. On April 2, 2009 the Court received oral and written communications that Defendant Barr wished to waive his right to a jury trial, followed closely by counsel for Defendant Saferstein communicating the same. At the Court's direction, each Defendant separately filed a formal Motion Requesting to Waive a Jury Trial [Doc. Nos. 150 & 151]. The Court promptly held hearings on each Defendant's motion, to which the Government filed a consolidated response in opposition [Doc. No. 155].

**II. LEGAL STANDARD**

Federal Rule of Criminal Procedure 23, states, in relevant part:

Jury Trial. If the defendant is entitled to a jury trial, the trial must be by jury unless:
(1) the defendant waives a jury trial in writing;
(2) the government consents; and
(3) the court approves.[11]

---

[9] Id. at ¶ 13.

[10] Id. at ¶¶ 14-15.

[11] Fed. R. Crim. Pro. 23(a).

## III. DISCUSSION

Defendants Saferstein and Barr seek to waive their right to a jury trial. The gravamen of Barr's argument for waiver is that the complex nature of this case and the breadth of evidence and legal issues that will surface at trial are better suited to an experienced judge than a jury. Defendant Saferstein stated similar reasons for waiver in both his Motion and on the record regarding his request, adding that he feels a judge is better suited to hear his case due to the fact that he faces varying types of charges, including those for fraud, conspiracy and tax violations. Specifically, Saferstein argues that deregulation of the telephone industry and how it affected Saferstein's business activities are paramount to the case and better understood by a judge, as opposed to a jury.[12]

The Government presented its opposition to the Motions for Waiver at each Defendants' hearings and via a written Response, arguing that the consent of the Government is required for waiver, that no constitutional violation would occur if their requests were denied, and that the factual and legal issues in this case are well within the capabilities of a jury to decide.

At the hearings regarding these Motions each Defendant presented a colloquy related to his decision to seek waiver of a jury trial. Each colloquy included questions from the Court related to competence, the voluntariness of the request, and the extent to which the consequences of such waiver were understood and had been discussed with counsel. Additionally, each defendant acknowledged that he understood the essential elements of the charges against him as well as the maximum penalties he would face if convicted. The Court found each Defendant to be competent to make the decision to waive a jury trial, that their decisions were made

---

[12] See Mot. to Waive Jury Trial p. 2 [Doc. No. 150].

knowingly and voluntarily, and that each Defendant had the opportunity to discuss the request with his counsel. Each Defendant executed a written waiver of a jury trial, which the Court accepted as evidence.

In its final assessment of whether to grant the Motions for Waiver, the Court must look to the plain language of Federal Rule of Criminal Procedure 23(a), which clearly states three requirements: (1) defendant's waiver; (2) the Government's consent; and (3) the court's approval. The absence of any one of those elements is enough to bar the request.

In the instant circumstances the Government initially refused to consent to a bench trial and continues to maintain that its decision to withhold consent is based on its general policy against waiver of trial.[13]

The United States Supreme Court has stated that while the Constitution guarantees a defendant the right to a trial by jury, it does not guarantee the right to waive one. "[A] defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him."[14]

In Singer, the Supreme Court noted that there could "exist some circumstance where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the

---

[13] See Gov. Resp. P. 1 [Doc. No 155]. "[A]fter much deliberation and discussion with leadership within the United State's Attorney's Office, the Government elects not to consent to a bench trial in this case."

[14] Singer v. United States, 380 U.S. 24, 36 (U.S. 1965). See also U.S. v Clapps, 732 F.2d 1148, 1151 (3d Cir. 1984) (finding that the district court did not abuse its discretion by denying a request for a bench trial).

Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial."[15] However, this Court has found no Supreme Court or Third Circuit authority making such a finding or stating the conditions under which such a circumstance would exist.

Neither Defendant argues that he would be prejudiced by a jury trial. Instead, each make the argument that the case may be better suited to a judge's experience and expertise. The Court has full confidence that a jury can handle the issues this case will put before it and finds no evidence of potential prejudice to either Defendant.

The Court is bound by the explicit language of Federal Rule of Criminal Procedure 23(a). Although both Defendants have signed a waiver of a jury trial, that waiver lacks the Government's required consent and thus lacks the Court's approval.

## IV.   CONCLUSION

The Court hereby denies Defendants' Motions to Request Waiver of a Jury Trial. An appropriate Order follows.

---

[15] Singer, 380 U.S. at 37.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-CR-557 |
| | ) | |
| NEAL D. SAFERSTEIN | ) | **FILED** |
| TYRONE L. BARR | ) | APR 14 2009 |
| | ) | MICHAEL E. KUNZ, Clerk |
| Defendants. | ) | By_____ Dep. Clerk |

## ORDER

**AND NOW,** this 9th day of April, 2009, upon consideration of Defendants' Motions to Waive a Jury Trial [Document Nos. 150 & 151]; the Government's Response thereto [Doc. No. 155]; and hearings held in this matter, it is hereby

**ORDERED** that Defendants' Motions are **DENIED**. The case will proceed with a jury trial

It is so **ORDERED**.

BY THE COURT:

*/s/ Cynthia M. Rufe/*

**CYNTHIA M. RUFE, J.**

XC: MATTLED
D- MOSER
C. McCABE

7