IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 07-CR-557 |
| | ) | |
| | ) | |
| NEAL D. SAFERSTEIN, et al. | ) | **FILED** |
| | ) | |
| | ) | APR 1 7 2009 |
| | ) | MICHAEL E. KUNZ, Clerk |
| Defendants. | ) | By_____ Dep. Clerk |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                    **April 16, 2009**

In this indictment Defendants Neal D. Saferstein has been charged by the United States with eight counts of wire fraud under 18 U.S.C. §§ 1343, § 1349; eight counts of mail fraud under 18 U.S.C. § 1341; one count of conspiracy to commit perjury under 18 U.S.C. § 371; four counts of filing a false tax return under 26 U.S.C. § 7206(1); and six counts of failure to pay over tax under 26 U.S.C. § 7202.[1] Before the Court is Saferstein's Motion to Sever [Doc. No. 76], in which he requests that the Court sever the charges against him into three separate trials, the Government's Response [Doc. No. 155] and Saferstein's Reply [Doc. No. 98]. The Court held a hearing regarding this and other motions on April 6, 2009. For the reasons that follow, Saferstein's Motion to Sever will be denied.

## I.      FACTUAL AND PROCEDURAL HISTORY

---

[1] Also charged with the sixteen fraud counts is Tyrone Barr, who has not joined in Saferstein's Motion to Sever.  Billy Light, a defendant who is also charged with Count seventeen, conspiracy to commit perjury, has entered a guilty plea to that charge and is not a party to any further litigation.

Defendant Neal Saferstein is charged with orchestrating a "cramming" scheme via a business known as GoInternet.net, Inc. ("GoInternet").[2]  Saferstein served as the President, Chief Executive Officer and majority owner of GoInternet.[3]  GoInternet sold internet related services to companies and individuals, including dial-up internet access, e-mail accounts and Web page design.[4]  In 2003, GoInternet employed more than 1,000 telemarketers and brought in gross annual revenues of more than $49 million.[5] GoInternet stopped doing business in 2004.[6]

The Government alleges that GoInternet  was designed entirely to defraud customers into paying for internet related services without their knowledge or authorization.[7]  Local telephone companies may permit third parties such as GoInternet to include charges for separately ordered telecommunications services on consumers' local telephone bills.[8]  Such billing is accomplished by the third parties working with telephone billing "aggregators" who act as intermediaries between the third party and local telephone companies or Local Exchange Carriers ("LECs").  Aggregators receive billing information from the third parties, who are the aggregators' clients, and submit the bill to the appropriate LEC for inclusion on a customer's local telephone bill.[9] When customers pay

---

[2] Indictment ¶ 1.

[3] Id. at ¶¶ 8-10.

[4] Id. at ¶ 1.

[5] Id. at ¶ 6 .

[6] Id.

[7] Id. at ¶ 18.

[8] Id. at ¶ 11.

[9] Id. at ¶ 12.

their telephone bills the aggregators collect the payment for their clients' services from the LEC. Those payments are then passed back to the clients or third party providers who pay a fee for the aggregator's collection and billing services.[10]   The placement of unauthorized charges on a consumer's local telephone bill is known as "cramming." The Government claims that GoInternet contracted with several billing aggregators to place its monthly charges on customer's local telephone bills.[11]

On June 28, 2000, The Federal Trade Commission ("FTC") filed suit against Saferstein for violating the law by billing customers without their authorization. The parties agreed to a Stipulated Judgment and Order for a Permanent Injunction.[12] However, the Government alleges that even after that Judgment was issued GoInternet continued to expand its fraudulent conduct. When an LEC would no longer post charges for GoInternet, the Government alleges that GoInternet hired an intermediary to submit the charges to the billing aggregator and LEC on GoInternet's behalf.[13] The Government further claims that Saferstein ordered the destruction of thousands of postcards that would have notified GoInternet's customers that they were receiving and paying for GoInternet's services. Those postcards were required by the Consent Order ending the above referenced action by the FTC, however, contempt hearings were held against Saferstein and other members of GoInternet for their failure to comply with that Consent Order in a number of respects.[14]

---

[10] Id. at ¶ 13.

[11] Id. at ¶¶ 14-15.

[12] Id. at ¶ 30.

[13] Id. at ¶ 33.

[14] Id. at ¶ 34.

A single indictment against Saferstein was issued in September, 2007 listing 27 counts against him including eight counts of wire fraud under 18 U.S.C. §§ 1343, § 1349; eight counts of mail fraud under 18 U.S.C. § 1341; one count of conspiracy to commit perjury under 18 U.S.C. § 371; four counts of filing a false tax return under 26 U.S.C. § 7206(1); and six counts of failure to pay over tax under 26 U.S.C. § 7202.[15] Through counsel, Saferstein submitted a Motion to Sever [16] identifying the three distinct types of charges in the indictment and arguing that including all of them in the same indictment violates Federal Rule of Criminal Procedure 8, which governs joinder. Additionally, Saferstein argues that the joinder of all charges in a single indictment creates substantial prejudice that necessitates severance under Federal Rule of Criminal Procedure 14.[17]

Saferstein's primary point to this end is that he may wish to testify at trial to defend one category of charges against him, but not another, creating a situation that would confuse a jury and therefore prejudice a fair trial.[18] The Government argues that joinder of all charges in a single indictment was appropriate under Fed. Crim. P. 8 because all of the charges stem from the same "series of acts or transactions."[19] Moreover, the Government argues that the Court should not exercise its discretion to sever under Fed. R. Crim Pro. 14 because a joint trial on all the charges does not impact on or prejudice Saferstein's ability to receive a fair trial, especially because the Court can issue instructions to prevent any confusion on the part of the jury or any other challenges

---

[15] The case was declared complex on motion by the Government, and discovery of the numerous electronic files in this matter has been lengthy and time consuming.

[16] See Mot. To Sever [Doc. No. 76]

[17] Id.

[18] Id. at 14.

[19] See Govt. Resp. [Doc. No. 89].

that may arise. The legal issues have been briefed and oral argument on these matters was entertained at a hearing regarding the instant motions and others on April 2, 2009.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 8, states, in relevant part:

> (a) Joinder of Offenses: Two or more offenses may be charged in the same indictment or information in a separate count for each if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of common scheme or plan.
>
> (b) Joinder of Defendants.  Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.  Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. [20]

However, even if joinder of charges in a single indictment is appropriate under Rule 8, a district court judge has discretion to sever if he or she determines that a defendant is prejudiced by the joinder.  Federal Rule of Criminal Procedure 14 states:

> (a) Relief. If joinder of offenses or defendants in an indictment, an information or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.[21]

## III.   DISCUSSION

Saferstein has requested that the Court sever the case against him into three separate trials, one based on the mail and wire fraud counts, one on the charge for conspiracy to commit perjury, and a third trial on the tax charges.  The Court will first analyze the appropriateness of

---

[20] Fed. R. Crim. P. 8.

[21] Fed R. Crim. P. 14.

combining the fraud charges and conspiracy charges at trial under Rule 8 and then address the propriety of including the tax charges in that trial. It will then separately address the question of whether the combination of any charges for trial creates prejudice under Fed. R. Crim P. 14

### A. Counts 1-16 (Wire and Mail Fraud) and Count 17 (Conspiracy to Commit Perjury)

Both Saferstein and co-defendant Tyrone Barr are charged with eight counts of wire fraud under 18 U.S.C. §§ 1343, § 1349, and eight counts of mail fraud under 18 U.S.C. § 1341, which are charges specifically related to the operation of GoInternet's business. "The gravamen of this category of charges is the '[t]he entire GoInternet business was designed to defraud customers into paying for internet-related services without their knowledge or authorization."[22] The mailing of so-called "welcome packets," which gave customers allegedly fraudulent information related to services and billing is what precipitated the Government's mail fraud charges in addition to its charges of wire fraud.

Count seventeen for conspiracy to commit perjury under 18 U.S.C. § 371 charges Saferstein and co-defendant, Billy Light, who served as the Chief Information Officer at GoInternet, with committing perjury when Light testified at contempt proceedings brought by the Federal Trade Commission (FTC).

Because this Indictment involves multiple defendants, the standard applicable to joinder of both offenses and defendants is governed by Rule 8(b). "Although the standards of Rule 8(a) and Rule 8(b) are similar in that they both require a "transactional nexus" between the offenses or defendants to be joined, Rule 8(a) is more permissive than Rule 8(b) because Rule 8(a) allows

---

[22] Def. Mot. to Sever, p. 3 citing Ind. at ¶ 18.

joinder on an additional ground, i.e., when the offenses "of the same or similar character."[23]

Saferstein argues that no "transactional nexus" between the charges for wire and mail fraud and the charge for conspiracy to commit perjury exists because the evidence and witnesses related to proving the charges do not overlap.[24]  However, "In determining whether a trial court erred by joining multiple defendants under Rule 8(b), we focus on the indictment, not on the proof subsequently adduced at trial. As long as the crimes charged are a single series of alleged acts or transactions, separate trials are not required.[25]

A plain review of the allegations in the Indictment shows a clear and obvious "transactional nexus" between the fraud charges and the conspiracy to commit perjury charge. Without the alleged activities leading to the charges of wire and mail fraud against Saferstein there would be neither circumstance nor motivation to conspire to commit perjury before the FTC in enforcement proceedings.  In fact, the Indictment specifically alleges that the perjury charge relates to Saferstein's business practices concerning GoInternet and its dealings with customers.[26]

The Court finds a "transactional nexus" between the activities related to the charges

---

[23] U.S. v. Irizarry, 341 F.3d 273, 287 (3d. Cir. 2003).

[24] See Mot. to Sever p. 8.

[25] United States v. Eufrasio, 935 F.2d 553, 567 (3d Cir. Pa. 1991). There are circumstances where the Court "may look beyond the face of the indictment . . . in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between counts, reference to those documents is permitted." U.S. v. McGill, 964 F.2d 222, 243 (3d Cir. 1992). The Court does not regard this case as one of those circumstance requiring the examination of pretrial documents.

[26] See Ind. Count 18, Overt Acts, ¶ 2.

against Saferstein for mail and wire fraud and the charges against him for conspiracy to commit perjury. As examined under the standard set forth in Fed. R. Crim. P 8(b), these charges were properly joined in a singe indictment and may properly be presented together at trial.

### B.     Tax Charges (Counts 18-27)

The final grouping of charges against Saferstein are filing false tax returns under 26 U.S.C. § 7206(1) and failure to pay over tax under 26 U.S.C. § 7202. Only Saferstein is accused of tax related crimes. He argues that because none of the evidence used to support these charges can be used to support the fraud and conspiracy charges against him, that the tax counts should be severed and tried separately. However, "[j]oinder of tax and non-tax claims is not unusual."[27] "Joinder of a tax evasion count is appropriate when it is based upon unreported income flowing directly from the activities which are the subject of the other counts."[28] The tax charges directly stem from income Saferstein made from the alleged fraudulent activities related to GoInternet, an income that he continued to receive even after the alleged conspiracy to commit perjury. Therefore, a "transactional nexus" exists among all three categories of charges against Saferstein and all were properly joined in a single indictment and may be presented together at a single trial.

### C.     Discretion to Sever Under Federal Rule of Criminal Rule 14

Saferstein argues that if the Court finds that a joint trial is appropriate under Fed. R. Crim. P. 8, that the Court, in its discretion, may still sever the three categories of counts for

---

[27] United States v. McGill, 964 F.2d at 241.

[28] United States v. Delle Donna, 552 F. Supp. 2d 475, 496 (D.N.J. 2008) citing U.S. v. Anderson, 809 F.2d 1281, 1288 (7th Cir. 1987).

different trials under Fed. R. Crim. P. 14, which states that if joinder of offenses for trial

purposes "appear to prejudice a defendant or the government the court may order the court may

order separate trials of counts, sever the defendants' trials, or provide any other relief that justice

requires.[29]

"The denial or granting of a severance under Fed. R. Crim. P. 14 is a matter peculiarly

within a trial court's discretion.  Reversal is appropriate only if abuse of that discretion can be

shown."[30] However, "[a] claim of improper joinder under Fed. R. Crim. P. 14 must demonstrate

'clear and substantial prejudice.'"[31] Saferstein claims that he will be prejudiced by the joinder of

the three categories of charges at a single trial because he may wish to take the stand to offer

testimony regarding one of the types of charges against him, but not another.  However, in

neither the memoranda supporting his motion nor when questioned at a hearing regarding this

matter has Saferstein or his counsel indicated what testimony he may wish to offer or to which

charges that testimony would relate.  Without some specificity on this vague premise as

Saferstein currently raises it, the high threshold to show prejudice under Rule 14 is not met.[32]

Additionally, Rule 14 does not necessarily require severance even when prejudice is

shown. "It leaves the tailoring of the relief, if any, to the district court's sound discretion."[33]

---

[29] Fed R. Crim. P. 14.

[30] U.S. v. Rickey, 457 F.2d 1027, 1939 (3d Cir. 1972).

[31] U.S. v. Gorecki, 813 F.2d 40, 43 (3d Cir. 1987).

[32] U.S. v. Gorecki, 813 F.2d at 42. "Defendant's bare allegation that the joinder prevented his testimony on the weapons charge, without a specific showing as to what that testimony may have been, fails to meet the stringent requirements for a rule 14 showing of prejudice."

[33] Zafiro v. United States, 506 U.S. 534, 539 (1993).

9

Therefore, Saferstein's additional arguments that severance is necessary since a jury will have a difficult time separating or ascertaining which evidence against him is meant to prove which set of charges is also overcome, since the Court is in a position to evaluate each situation should any occur and to respond appropriately with limiting instructions at trial, if necessary.

Hence, at this time the Saferstein has not shown the requisite prejudice needed for the Court to grant severance under Rule 14.

## IV.    CONCLUSION

The Court hereby denies Saferstein's Motion to Sever. An appropriate Order follows.